**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **TEXAS GIRLS' CHOIR, INC.** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No.** |
| | § | |
| **THE CINCINNATI INSURANCE COMPANY** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

**DEFENDANT CINCINNATI SPECIALTY UNDERWRITERS INSURANCE COMPANY'S (IMPROPERLY NAMED AS THE CINCINNATI INSURANCE COMPANY) NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. § 1132, 28 U.S.C. § 1441, Federal Rule of Civil Procedure 81, and Local Rule 81, Defendant Cincinnati Specialty Underwriters Insurance Company ("Defendant" or "CSUIC"), improperly named as The Cincinnati Insurance Company ("CIC"), hereby removes to this Court the state court action described in Paragraph 1 below. Pursuant to 28 U.S.C. § 1446(a), Defendant sets forth the following "short and plain statement of the grounds for removal."

## A. THE REMOVED CASE

1. The removed case is a civil action filed with the 153rd Judicial District Court of Tarrant County, Texas, on or about August 31, 2017, styled *Texas Girls' Choir v. The Cincinnati Insurance Company*, Cause No. 153-294409-17 ("the State Court Action"). Plaintiff sues The Cincinnati Insurance Company for weather-related damages to its structures. Plaintiff, however, names the wrong defendant in this action; the proper party to this action is Defendant CSUIC, the entity that issued the policy upon which these claims are based. As such, and to the extent

necessary, CIC has answered these claims on behalf of both improperly-named CIC and unnamed but proper party CSUIC.

2. This case arises from an insurance claim made to improperly-named Defendant CIC in which Plaintiff alleges that Defendant CIC negligently adjusted the claim, did not properly value its property, and underpaid or failed to pay Plaintiff for its claimed covered losses.

## B. DOCUMENTS FROM THE REMOVED ACTION

3. Pursuant to Local Rule 81 and 28 U.S.C. § 1446(a), Defendant attaches the following documents to this Notice of Removal:

(1) All executed process in the case;

(2) Pleadings asserting causes of action, e.g., petitions, counterclaims, cross actions, third-party actions, interventions and all answers to such pleadings;

(3) All orders signed by the state judge;

(4) The docket sheet; and

(5) A list of all counsel of record, including addresses, telephone numbers, and parties presented.

These documents are attached to this Notice of Removal as ***Exhibit A.***

## C. REMOVAL IS TIMELY

4. Plaintiff filed the present civil lawsuit against Defendant CIC in the 153rd Judicial District Court of Tarrant County, Texas on August 31, 2017. Defendant was served with Plaintiff's Original Petition on September 11, 2017. In the Original Petition, Plaintiff asserts negligence, breach of contract, violation of the Texas Deceptive Trade Practices Act, violations of the Texas Insurance Code, and breach of the common law duty of good faith and fair dealing as causes of action against Defendant CIC.

5. Defendant CSUIC has filed this Notice of Removal within thirty (30) days after receiving papers indicating that the State Court Action was filed in the Tarrant County court and subsequently became removable to the United States District Court for the Northern District of Texas. Defendant CSUIC, therefore, contends that this removal is timely made.[1]

## D. VENUE IS PROPER

6. The United States District Court for the Northern District of Texas is the proper venue for removal of the State Court Action pursuant to 28 U.S.C. § 1441(a) because the 153rd Judicial District Court of Tarrant County, Texas is located within the jurisdiction of the United States District Court for the Northern District of Texas.

## E. DIVERSITY OF CITIZENSHIP EXISTS

7. This is a civil action that falls under the Court's original jurisdiction pursuant to 28 U.S.C. § 1332 and is one that may be removed to this Court based on diversity of citizenship in accordance with 28 U.S.C. §§ 1441 and 1446.

8. As admitted in Plaintiff's Original Petition, Texas Girls' Choir, Inc. is an individual who resides in Tarrant County, Texas.[2]

9. Defendant CIC is a foreign corporation formed under the laws of Ohio. Defendant CIC's primary place of business is 6200 S. Gilmore Road, Fairfield, Ohio 45014-5141. Pursuant to 28 U.S.C. § 1332(c)(1), Defendant CIC is a not a citizen of the State of Texas.

10. Unnamed, but proper party, Defendant CSUIC is a foreign corporation formed under the laws of Delaware. Defendant CSUIC's primary place of business is 6200 S. Gilmore Road, Fairfield, Ohio 45014-5141. Pursuant to 28 U.S.C. § 1332(c)(1), unnamed but proper party Defendant CSUIC is not a citizen of the State of Texas.

---

[1] *See* 28 U.S.C. § 1446(b)(3).
[2] *See* Plaintiff's Original Petition at ¶ 2.

11. Because Plaintiff is a resident of the State of Texas and neither improperly-named Defendant CIC nor the unnamed but proper party Defendant CSUIC is a resident of the State of Texas, complete diversity of citizenship exists pursuant to 28 U.S.C. § 1332.

## F. THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

12. In the Original Petition, Plaintiff alleges that it is seeking "monetary relief over $100,000."[3] Under the "Damages" section of said Petition, however, Plaintiff also alleges as follows: "More specifically, Plaintiff seeks monetary relief, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees, in excess of $200,000.00 but less than $1,000,000.00."[4]

13. Based on the aforementioned facts, the current State Court Action may be removed to the United States District Court for the Northern District of Texas by Defendant CSUIC in accordance with the provisions of 28 U.S.C. § 1441(a) because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Northern District of Texas; (ii) this action is between citizens of different states; and (iii) the amount in controversy will exceed $200,000, exclusive of interest and costs.

## G. FILING OF REMOVAL PAPERS

14. Pursuant to 28 U.S.C. § 1446(d), Defendant CSUIC is providing written notice of the filing of this Notice of Removal to all counsel of record and is filing a copy of this Notice with the Clerk of the 153rd Judicial District Court of Tarrant County, Texas in which this action was originally commenced.

---

[3] *Id*. at ¶ 1.
[4] *Id*. at ¶ 60.

## H. CONCLUSION

15. Defendant CSCUIC hereby removes the above-captioned action from the 153rd Judicial District of Tarrant County Texas and requests that further proceedings be conducted in the United States District Court for the Northern District of Texas, Forth Worth Division, as provided by law.

Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN PC**

By: */s/ Donald A. Waltz*

Donald A. Waltz
State Bar No. 24048061
3700 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201
Phone: 214.777.4200
Fax: 24.777.4299
Email: dwaltz@krcl.com

**ATTORNEYS FOR DEFENDANT THE CINCINNATI INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on 6th day of October, 2017, I electronically submitted a true and correct copy of the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court or by another manner authorized by Federal Rule of Civil Procedure 5 (b)(2).

James M. McClenny
J. Zachary Moseley
Sean Patterson
McClenny Moseley & Associates, PLLC
411 N. Sam Houston Parkway, E., Suite 200
Houston, Texas 77060

***Attorneys for Plaintiff***

*s/ Donald A. Waltz*
Donald A. Waltz