

# Tarrant County District Clerk Online
## Thomas A. Wilder, District Clerk

| Civil - Case and Transaction Information | 10/6/17 3:17 PM |
|---|---|

| Cause Number: | 153-294409-17 | Date Filed: 08-31-2017 |
|---|---|---|

|  | TEXAS GIRLS CHOIR, INC. | | VS | | THE CINCINNATI INSURANCE COMPANY |
|---|---|---|---|

Cause of Action:       CONTRACT, CONSUMER/DTPA

Case Status:           PENDING

| File Mark | Description | | | Assessed Fee | Credit/Paid Fee |
|---|---|---|---|---|---|
| 08-31-2017 | PLTF TEXAS GIRLS CHOIR INCS ORIG PET | N | I | 289.00 | |
| 08-31-2017 | COURT COST (PAID) trans #1 | Y | | | 289.00 |
| 08-31-2017 | SVC REQ FORM | | I | | 0.00 |
| 08-31-2017 | JURY FEE | N | | 40.00 | |
| 08-31-2017 | COURT COST (PAID) trans #4 | Y | | | 40.00 |
| 08-31-2017 | CIT-ISSUED ON THE CINCINNATI INSURANCE COMPANY-On 09/05/2017 | N | Svc | 8.00 | |
| 08-31-2017 | COURT COST (PAID) trans #6 | Y | | | 8.00 |
| 08-31-2017 | SERVICE FEE, SUBSEQUENT CERTIFIED MAIL | N | Svc | 75.00 | |
| 08-31-2017 | COURT COST (PAID) trans #8 | Y | | | 75.00 |
| 08-31-2017 | COPIES(SENT TO DP) | N | | 10.50 | |
| 08-31-2017 | COURT COST (PAID) trans #10 | Y | | | 10.50 |
| 09-19-2017 | CIT Tr# 6 RET EXEC(THE CINCINNATI INSURANCE COMPAN Y) On 09/11/2017 | | I | | 0.00 |
| 10-02-2017 | CINCINNATTI INC ORIG VERIFIED ANS W/AFFIRM DEFENSE | I | | | 0.00 |

**District Clerk's Office**

Tom Vandergriff Civil Courts Building

100 N. Calhoun St., 2nd Floor, Fort Worth, Texas 76196, Contact Us

Please send questions and comments regarding the District Clerk web site to District Clerk Webmaster

**EXHIBIT A**

FILED
TARRANT COUNTY
8/31/2017 5:15 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. **153-294409-17** _____

| | | |
|---|---|---|
| TEXAS GIRLS CHOIR, INC. | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff* | § | |
| | § | |
| V. | § | TARRANT COUNTY, TEXAS |
| | § | |
| | § | |
| THE CINCINNATI INSURANCE | § | |
| COMPANY | § | _____ JUDICIAL DISTRICT |
| | § | |
| *Defendant* | § | |

## PLAINTIFF TEXAS GIRLS CHOIR, INC'S ORIGINAL PETITION

### TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW,** Texas Girls Choir, Inc., (hereinafter referred to as "Plaintiff"), complaining of The Cincinnati Insurance Company, (hereinafter referred to as "Defendant") and for cause of action would respectfully show unto this Honorable Court and Jury as follows:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends for discovery to be conducted under Level 2 of Texas Rule of Civil Procedure 190.3 and affirmatively pleads that this suit is not governed by the expedited-actions process of Texas Rule of Civil Procedure 169 because Plaintiff seeks monetary relief of over $100,000.00.

### PARTIES

2. Plaintiff is an individual residing in Tarrant County, Texas.

3. The Cincinnati Insurance Company is a foreign insurance company engaging in the business of insurance in the State of Texas. Defendant may be served with process by serving its

---

*Plaintiff Texas Girls' Choir's Original Petition*                                          Page | 1

registered agent of service,  National Registered Agents Inc, located at the following address: 1999 Bryan Street Suite 900 Dallas, TX 75201.

## JURISDICTION

4. The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.

5. The Court has jurisdiction over Defendant The Cincinnati Insurance Company because Defendant is a foreign insurance company that engages in the business of insurance in the State of Texas and Plaintiff's causes of action arise out of Defendant's business activities in the State of Texas.  Specifically, The Cincinnati Insurance Company sought out and marketed for insurance in Texas and has "purposefully availed" itself of the privilege of conducting activities in Texas. *Kelly v. General Interior Constr., Inc.*, 301 S.W.3d 653, 660-61 (Tex. 2010).

## VENUE

6. Venue is proper in Tarrant County, Texas, because the Property is situated in Tarrant County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

7. Plaintiff purchased a policy from Defendant The Cincinnati Insurance Company, (hereinafter referred to as "the Policy"), which was in effect at the time of loss.

8. The Policy was purchased to insure Plaintiff's property, (hereinafter referred to as "the Property"), which is located at 4449 Camp Bowie Blvd, Fort Worth, Texas 76107.

9. Defendant The Cincinnati Insurance Company and/or its agent sold the Policy insuring the Property to Plaintiff.

10. Plaintiff is a "consumer" as defined under the Texas Deceptive Trade Practices Act ("DTPA") because it is an individual who sought or acquired by purchase or lease, goods or services, for commercial, personal or household use.

11. On or about March 17, 2016, Plaintiff experienced a severe weather related event which caused substantial damage to the Property and surrounding homes and businesses in the area. The Property's damage constitutes a covered loss under the Policy issued by Defendant The Cincinnati Insurance Company. Plaintiff subsequently opened a claim on March 17, 2016 and Defendant The Cincinnati Insurance Company assigned an adjuster to adjust the claim.

12. Thereafter, Defendant The Cincinnati Insurance Company wrongfully underpaid Plaintiff's claim and refused to issue a full and fair payment for the covered loss as was rightfully owed under the Policy.

13. Defendant made numerous errors in estimating the value of Plaintiff's claim, as exhibited by its assigned adjuster's method of investigation and estimation of Plaintiff's loss, all of which were designed to intentionally minimize and underpay the loss incurred by Plaintiff. Defendant's assigned adjuster failed to fully quantify Plaintiff's covered losses, thus demonstrating that Defendant's assigned adjuster did not conduct a thorough investigation of Plaintiff's claim and/or intentionally adjusted Plaintiff's claim improperly.

14. Specifically, Defendant, independently and through its assigned adjuster, intentionally and knowingly conducted a substandard investigation of the Property. This is evidenced by Defendant's assigned adjuster's estimate, which failed to include all necessary items Plaintiff is entitled to under the Policy to place the Property in a pre-loss condition. These necessary items are covered and required under the International Building Code and/or International Residential Code, as adopted by the State of Texas in 2001.

15. In addition, the Occupational Safety and Health Administration ("OSHA") dictates, when working on buildings with "unprotected sides and edges" that "each employee on a walking/working surface (horizontal and vertical surface) with an unprotected side or edge which is 6 feet (1.8m) or more above a lower level **_SHALL_** be protected from falling by the use of guardrail systems, safety net systems, or personal fall arrest systems." Occupational Safety and Health Act of 1970 § 1926.501(b)(1) (emphasis added). This protection was intentionally not included or reflected within the scope of work provided by Defendant for Plaintiff's damages to the Property as an attempt to further deny Plaintiff benefits owed under the Policy.

16. Defendant's estimate did not allow for adequate funds to cover the cost of repairs and therefore grossly undervalued all of the damages sustained to the Property. As a result of Defendant's conduct, Plaintiff's claim was intentionally and knowingly underpaid.

17. Defendant's assigned adjuster acted as an authorized agent of Defendant The Cincinnati Insurance Company. Defendant's assigned adjuster acted within the course and scope of their authority as authorized by Defendant The Cincinnati Insurance Company. Plaintiff relied on Defendant and Defendant's assigned adjuster to properly adjust the claim regarding the Property and to be issued payment to fix such damage, which did not happen and has not been rectified to date.

18. Defendant The Cincinnati Insurance Company failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant refused to pay the full proceeds owed under the Policy. Due demand was made by Plaintiff for proceeds to be in an amount sufficient to cover the damaged Property.

19. Defendant and/or Defendant's assigned agent sold the Policy to Plaintiff, making various statements and representations to Plaintiff that the Property would be covered. Relying on the promises and representations made by Defendant and/or Defendant's assigned agent, Plaintiff filed a claim under the Policy with the belief that the Property would be covered after a severe weather event such as the one that damaged the Property.

20. All conditions precedent to recovery under the Policy had, and have, been carried out and accomplished by Plaintiff.

21. As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of McClenny Moseley & Associates, PLLC, who is representing Plaintiff with respect to these causes of action.

## AGENCY

22. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

23. All acts by Defendant The Cincinnati Insurance Company were undertaken and completed by its officers, agents, servants, employees, and/or representatives. All such acts were either done with the full authorization or ratification of Defendant The Cincinnati Insurance Company and/or were completed in its normal and routine course and scope of employment.

24. Defendant and Defendant's assigned adjuster's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a). All violations under this subsection are made actionable by TEX. INS. CODE § 541.151.

25. Defendant is liable for the unfair and deceptive acts of its assigned adjuster because he/she meets the definition of a "person" as defined by the Texas Insurance Code. The term "person"

is defined as "any individual, corporation, association, partnership, reciprocal or inter insurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added); *see also Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.* 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a person for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

## NEGLIGENCE

26. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

27. Plaintiff entrusted Defendant to properly adjust Plaintiff's insurance claim for the Property damage. Defendant did not properly adjust the claim and misinformed Plaintiff of the severity of the Property damage. Defendant had and owed a duty to ensure that the Property damage was properly adjusted. Nevertheless, Defendant failed to ensure that Plaintiff's damage was properly adjusted. This failure is a clear breach of Defendant's duty, and as a result, Plaintiff suffered significant injuries.

28. Defendant The Cincinnati Insurance Company and its assigned adjuster had and owed a legal duty to Plaintiff to properly adjust all losses associated with the Property. Defendant, individually and through its assigned adjuster, breached this duty in a number of ways, including, but not limited to, the following:

> A. Defendant, individually and through its assigned adjuster, was to exercise due care in adjusting and paying policy proceeds regarding the Property;

    B. Defendant, individually and through its assigned adjuster, had a duty to competently and completely handle and pay all covered losses associated with the Property;

    C. Defendant, individually and through its assigned adjuster, failed to properly complete all adjusting activities associated with Plaintiff's damages; and,

    D. Defendant's acts, omissions, and/or breaches, individually and through its assigned adjuster, did great damage to Plaintiff, and were a proximate cause of Plaintiff's damages.

## BREACH OF CONTRACT

29. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

30. Defendant The Cincinnati Insurance Company's conduct constitutes a breach of the insurance contract made between Defendant The Cincinnati Insurance Company and Plaintiff. According to the Policy, which Plaintiff purchased, Defendant The Cincinnati Insurance Company had the absolute duty to investigate Plaintiff's damages, and pay Plaintiff policy benefits for the claims made due to the extensive storm-related damages.

31. As a result of the storm-related event, Plaintiff suffered extreme weather related damages. Despite objective evidence of weather related damages provided by Plaintiff and its representatives, Defendant The Cincinnati Insurance Company breached its contractual obligations under the Policy by failing to pay Plaintiff cost related benefits to properly repair the Property, as well as for related losses associated with the subject loss event. As a result of this breach, Plaintiff has suffered additional actual and consequential damages.

## VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

32. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

33. Defendant and/or its assigned adjuster engaged in false, misleading, or deceptive acts or practices that constitute violations of the Texas Deceptive Trade Practices Act ("DTPA"), which is codified in the Texas Business and Commerce Code ("TEX. BUS. & COM. CODE"), including but not limited to:

    A. Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law (TEX. BUS. & COM. CODE § 17.46(b)(12));

    B. Misrepresenting the authority of a salesman, representative, or agent to negotiate the final terms of a consumer transaction (§ 17.46(b)(14));

    C. Failing to disclose information concerning goods or services which were known at the time of the transaction, and the failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had such information been disclosed (§ 17.46(b)(24));

    D. Using or employing an act or practice in violation of the Texas Insurance Code (§ 17.50(a)(4));

    E. Unreasonably delaying the investigation, adjustment, settlement offer and prompt resolution of Plaintiff's claim (TEX. INS. CODE § 541.060(a)(2)-(5));

    F. Failure to properly investigate Plaintiff's claim (§ 541.060(7)); and/or

    G. Hiring and relying upon a biased adjuster, in this case Defendant's assigned adjuster, to obtain a favorable, results-oriented report, and to assist Defendant

in severely underpaying and/or denying Plaintiff's damage claim (TEX. BUS. & COM. CODE § 17.46(31)).

34. As described in this Original Petition, Defendant The Cincinnati Insurance Company represented to Plaintiff that its Policy and The Cincinnati Insurance Company's adjusting and investigative services had characteristics or benefits that it actually did not have, which gives Plaintiff the right to recover proceeds. TEX. BUS. & COM. CODE § 17.46(b)(5).

35. As described in this Original Petition, Defendant The Cincinnati Insurance Company represented to Plaintiff that its Policy and The Cincinnati Insurance Company's adjusting and investigative services were of a particular standard, quality, or grade when they were of another, which stands in violation of § 17.46 (b)(7).

36. By Defendant The Cincinnati Insurance Company representing that they would pay the entire amount needed by Plaintiff to repair the damages caused by the weather related event and then not doing so, Defendant has violated §§ 17.46 (b)(5), (7), (12).

37. Defendant The Cincinnati Insurance Company has breached an express warranty that the damage caused by the storm-related event would be covered under Policy. This breach entitles Plaintiff to recover under §§ 17.46 (b) (12), (20); 17.50 (a)(2).

38. Defendant The Cincinnati Insurance Company's actions, as described herein, are unconscionable in that Defendant took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Therefore, Defendant's unconscionable conduct gives Plaintiff the right to relief under § 17.50(a)(3).

39. Defendant The Cincinnati Insurance Company's conduct, acts, omissions, and failures, as described in this Original Petition, are unfair practices in the business of insurance and are in violation of § 17.50 (a)(4).

---

40. Plaintiff is a consumer, as defined under the DTPA, and relied upon these false, misleading, and/or deceptive acts and/or practices, made by Defendant The Cincinnati Insurance Company, to its detriment. As a direct and proximate result of Defendant's collective acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiff now sues. All of the aforementioned acts, omissions, and failures of Defendant are a producing cause of Plaintiff's damages which are described in this Original Petition.

41. Because Defendant's collective actions and conduct were committed knowingly and intentionally, in addition to all damages described herein, Plaintiff is entitled to recover mental anguish damages and additional penalty damages, in an amount not to exceed three times such actual damages. § 17.50(b)(1).

42. As a result of Defendant's unconscionable, misleading, and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on its behalf. Accordingly, Plaintiff also seeks to recover its costs and reasonable and necessary attorney's fees as permitted under § 17.50(d), as well as any other such damages to which Plaintiff may show itself to be justly entitled by law and in equity.

## VIOLATIONS OF THE TEXAS INSURANCE CODE

43. Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

44. Defendant and/or its assigned adjuster's actions constitute violations of the Texas Insurance Code ("TEX. INS. CODE"), Chapters 541 and 542, including but not limited to:

   A. Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue (TEX. INS. CODE § 541.060(a)(1));

B. Failing to attempt, in good faith, to effectuate a prompt, fair and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear (§ 541.060(a)(2)(A));

C. Failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim (§ 541.060(a)(3));

D. Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time and failing within a reasonable time to submit a reservation of rights letter to Plaintiff (§ 541.060(a)(4));

E. Refusing, failing, or unreasonably delaying a settlement offer on the basis that other coverage is available (§ 541.060 (a)(5));

F. Refusing, to pay a claim without conducting a reasonable investigation with respect to the claim (§ 541.060(a)(7));

G. Forcing Plaintiffs to file suit to recover amounts due under the policy by refusing to pay all benefits due (§ 542.003(b)(5));

H. Misrepresenting an insurance policy by failing to disclose any matter required by law to be disclosed, including a failure to make such disclosure in accordance with another provision of this code (§ 541.061(5));

I. Engaging in false, misleading, and deceptive acts or practices under the DTPA (§541.151(2));

J. Failing to acknowledge receipt of the claim, commence any investigation of the claim, and request from the claimant all items, statements, and forms the insurer

reasonably believes at that time will be required from the claimant no later than the 15th day after the receipt of notice of the claim (§ 542.055);

K. Failing to notify the claimant in writing of the acceptance or rejection of a claim no later than the 15th business day after the insurer receives all items, statements, and forms required by the insurer to secure a final proof of loss (§ 542.056(a));

L. Failing to state the reasons for rejection (§ 542.056(c));

M. Failing to notify the claimant of the reasons that the insurer needs 45 days in additional time to accept or reject the claim (§ 542.056(d));

N. Failing to pay a claim not later than the 5th business day after the date of notice of acceptance was made (§ 542.057); and/or

O. Failing to pay a valid claim after receiving all reasonably requested and required items from the insured. (§ 542.058(a)).

45. By its acts, omissions, failures and conduct, Defendant The Cincinnati Insurance Company has engaged in unfair and deceptive acts and practices in the business of insurance. Plaintiff, the insured and beneficiary, has a valid claim as a result of its detrimental reliance upon Defendant The Cincinnati Insurance Company's unfair or deceptive acts or practices. § 541.151(2).

46. Defendant's aforementioned conduct compelled Plaintiff to initiate this lawsuit to recover amounts due under the Policy, by offering substantially less than the amount ultimately recovered. Defendant refused to offer more than the grossly undervalued estimates prepared by Defendant The Cincinnati Insurance Company and/or Defendant's assigned adjuster, despite knowing the actual damages were much greater than what was offered. Defendant's continued refusal to offer compelled Plaintiff to file suit. § 542.003(5).

47. Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because Defendant The Cincinnati Insurance Company's actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times the amount of actual damages, for Defendant having knowingly, intentionally and/or negligently committed said actions and conduct. § 541.152.

48. As a result of Defendant The Cincinnati Insurance Company's unfair and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on its behalf. Accordingly, Plaintiff also seeks to recover its costs and reasonable and necessary attorney's fees as permitted under TEX. BUS. & COM. CODE § 17.50(d) or TEX. INS. CODE § 541.152 and any other such damages to which Plaintiff may show itself justly entitled by law and in equity.

## BREACH OF THE COMMON LAW DUTY
## OF GOOD FAITH & FAIR DEALING

49. Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

50. From and after the time Plaintiff's claim was presented to Defendant The Cincinnati Insurance Company, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was more than reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing. *See Viles v. Security National Ins. Co.,* 788 S.W.2d 556, 567 (Tex. 1990) (holding that an insurer has a duty to its insureds to "investigate claims

thoroughly and in good faith" and an insurer can only deny a claim after a thorough investigation shows that there is a reasonable basis to deny that claim).

51. For the breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of the duty, such additional costs, economic hardship, losses due to nonpayment of the amount owed to Plaintiff, and/or exemplary damages for emotional distress.

### KNOWLEDGE

52. Each of the acts described above, together and singularly, were done "knowingly" and "intentionally," as the terms are used in the Texas Insurance Code, and were a producing cause of Plaintiff's damages described herein.

### DAMAGES

53. Plaintiff will show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

54. For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, together with attorney's fees.

55. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefit that should have been paid pursuant to the Policy, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for three times Plaintiff's actual damages. TEX. INS. CODE § 541.152.

56. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, interest on the claim at the rate of eighteen (18) percent per year, together with attorney's fees. § 542.060.

57. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, and/or exemplary damages for emotional distress.

58. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the law firm whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

59. Defendant's acts have been the producing and/or proximate cause of damage to Plaintiff, and Plaintiff seeks an amount in excess of the minimum jurisdictional limits of this Court.

60. More specifically, Plaintiff seeks monetary relief, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees, in excess of $200,000.00 but less than $1,000,000.00.

## ADDITIONAL DAMAGES & PENALTIES

61. Defendant's conduct was committed knowingly and intentionally. Accordingly, Defendant is liable for additional damages under the DTPA, TEX. BUS. & COM. CODE § 17.50(b)(1), as well as all operative provisions of the Texas Insurance Code. Plaintiff is clearly entitled to the 18% damages allowed under TEX. INS. CODE § 542.060.

## ATTORNEY'S FEES

62. In addition, Plaintiff is entitled to all reasonable and necessary attorney's fees pursuant to the Texas Insurance Code, DTPA, and TEX. CIV. PRAC. & REM. CODE §§ 38.001-.005.

## COMPEL MEDIATION

63. Pursuant to TEX. INS. CODE § 541.161 and TEX. BUS. & COM. CODE § 17.5051, Plaintiff requests that Defendant be made to mediate no later than the 30th day of the signed order, following the 90th day after the date for which this pleading for relief is served upon Defendant.

### JURY DEMAND

64. Plaintiff demands a jury trial, consisting of citizens residing in Tarrant County, Texas, and tenders the appropriate fee with this Original Petition.

### DISCOVERY

65. Texas Rule of Civil Procedure 47 has been met in this petition. As such, Plaintiff requests that Defendant respond to the Requests for Disclosure, Requests for Production and Interrogatories contained herein:

### I. REQUESTS FOR DISCLOSURE

1. Pursuant to the Texas Rules of Civil Procedure, Plaintiff request that Defendant The Cincinnati Insurance Company, disclose all information and/or material as required by Rule 194.2, paragraphs (a) through (l), and to do so within 50 days of this request.

### II. REQUESTS FOR PRODUCTION

1. Please produce The Cincinnati Insurance Company's complete claim files from the home, regional and local offices, as well as third party adjusters/adjusting firms regarding the subject claim, including copies of the file jackets, "field" files and notes, and drafts of documents contained in the file for the premises relating to or arising out of Plaintiff's underlying claim.

2. Please produce the underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

3. Please produce a certified copy of the insurance policy pertaining to the claim made subject of this lawsuit, including all underwriting files and insurance applications sent on behalf of Plaintiff in its attempt to secure insurance on the Property, which is the subject of this suit.

4. Please produce the electronic diary, including the electronic and paper notes made by The Cincinnati Insurance Company's claims personnel, contractors, and third party adjusters/adjusting firms relating to the Plaintiff's claim.

5. Please produce all emails and other forms of communication by and between all parties in this matter relating to the underlying event, claim or the Property, which is the subject of this suit.

6. Please produce the adjusting reports, estimates and appraisals prepared concerning Plaintiff's underlying claim.

7. Please produce the field notes, measurements and file maintained by the adjuster(s) and engineers who physically inspected the Property, which is the subject of this suit.

8. Please produce the emails, instant messages and internal correspondence pertaining to Plaintiff's underlying claim.

9. Please produce the videotapes, photographs and recordings of Plaintiff or Plaintiff's home, regardless of whether The Cincinnati Insurance Company intends to offer these items into evidence at trial.

10. Please produce all communications, correspondence, documents and emails between any and all assigned adjusters and/or agents and the Plaintiff, not limited to physical or audio

recordings of all conversations between Plaintiff and any and all assigned adjusters and/or agents.

11. Please produce all audio recordings or transcripts of conversations, calls, text, email or any other data sent to and from Plaintiff by any and all assigned adjusters and/or agents after their letter of representation sent by counsel.

12. Please provide copies of all marketing material sent on behalf of The Cincinnati Insurance Company and/or its agents after the date of loss of the Property, which is the subject of this suit.

13. Please provide all correspondence between The Cincinnati Insurance Company and its assigned adjuster, and all correspondence between The Cincinnati Insurance Company and its assigned agents, after the date of loss of the Property, which is the subject of this suit.

### III. INTERROGATORIES

1. Please identify any person The Cincinnati Insurance Company expects to call to testify at the time of trial.

2. Please identify the persons involved in the investigation and handling of Plaintiff's claim for insurance benefits arising from damage relating to the underlying event, claim or the Property, which is the subject of this suit, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

3. If The Cincinnati Insurance Company or The Cincinnati Insurance Company's representatives performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by The Cincinnati Insurance Company or any of The Cincinnati Insurance Company's representatives with

respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

4. Please identify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of The Cincinnati Insurance Company's investigation.

5. Please state the following concerning notice of claim and timing of payment:

    a.    The date and manner in which The Cincinnati Insurance Company received notice of the claim;

    b.    The date and manner in which The Cincinnati Insurance Company acknowledged receipt of the claim;

    c.    The date and manner in which The Cincinnati Insurance Company commenced investigation of the claim;

    d.    The date and manner in which The Cincinnati Insurance Company requested from the claimant all items, statements, and forms that The Cincinnati Insurance Company reasonably believed, at the time, would be required from the claimant pursuant to the investigation; and

    e.    The date and manner in which The Cincinnati Insurance Company notified the claimant in writing of the acceptance or rejection of the claim.

6. Please identify by date, amount and reason, the insurance proceeds payments made by Defendant, or on Defendant's behalf, to the Plaintiff.

7. Has Plaintiff's claim for insurance benefits been rejected or denied? If so, state the reasons for rejecting/denying the claim.

8. When was the date The Cincinnati Insurance Company anticipated litigation?

9.  Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claim for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe The Cincinnati Insurance Company's document retention policy.

10. Does The Cincinnati Insurance Company contend that the insured's premises were damaged by storm-related events and/or any excluded peril? If so, state the general factual basis for this contention.

11. Does The Cincinnati Insurance Company contend that any act or omission by the Plaintiff voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual basis for this contention.

12. Does The Cincinnati Insurance Company contend that the Plaintiff failed to satisfy any condition precedent or covenant of the Policy in any way? If so, state the general factual basis for this contention.

13. How is the performance of the adjuster(s) involved in handling Plaintiff's claim evaluated? State what performance measures are used and describe The Cincinnati Insurance Company's bonus or incentive plan for adjusters.

## CONCLUSION

66. Plaintiff prays that judgment be entered against Defendant The Cincinnati Insurance Company and that Plaintiff be awarded all of its actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney's fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Petition.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays it be awarded all such relief to which it is due as a result of the acts of Defendant The Cincinnati Insurance Company, and for all such other relief to which Plaintiff may be justly and rightfully entitled. In addition, Plaintiff requests the award of treble damages under the Texas Insurance Code, attorney's fees for the trial and any appeal of this lawsuit, for all costs of Court on its behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff may show the itself to be justly entitled.

RESPECTFULLY SUBMITTED,

*/S/ Sean Patterson*

**McCLENNY MOSELEY & ASSOCIATES, PLLC**
James M. McClenny
State Bar No. 24091857
J. Zachary Moseley
State Bar No. 24092863
Sean Paterson
State Bar No. 24073546
411 N. Sam Houston Parkway E., Suite 200
Houston, Texas 77060
Principal Office No. 713-334-6121
Facsimile: 713-322-5953
James@mma-pllc.com
Zach@mma-pllc.com
Sean@mma-pllc.com
**ATTORNEYS FOR PLAINTIFF**

DISTRICT COURT, TARRANT COUNTY

*CITATION*                    *Cause No. 153-294409-17*

TEXAS GIRLS CHOIR, INC.
VS.
THE CINCINNATI INSURANCE COMPANY

TO: THE CINCINNATI INSURANCE COMPANY

         B/S REG AGENT-NATION REGISTERED AGENTS INC 1999 BRYAN ST STE 900 DALLAS, TX 75201-

You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFF TEXAS GIRLS CHOIR, INC'S ORIGINAL PETITION at or before 10 o'clock A.M. of the Monday next after
the expiration of 20 days after the date of service hereof before the 153rd District Court
,100 N CALHOUN, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas said PLAINTIFF being

TEXAS GIRLS CHOIR INC

Filed in said Court on August 31st, 2017 Against
THE CINCINNATI INSURANCE COMPANY

For suit, said suit being numbered 153-294409-17 the nature of which demand is as shown on said
PLAINTIFF TEXAS GIRLS CHOIR, INC'S ORIGINAL PETITION  a copy of which accompanies this citation.

SEAN M PATTERSON
Attorney for TEXAS GIRLS CHOIR INC Phone No. (713)334-6121
Address     411 N SAM HOUSTON PKWY E STE 200 HOUSTON, TX 77060

_____Thomas A. Wilder_____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal of said Court, at office in the City of Fort Worth, this the 5th day of September, 2017.

By *Emma Smith*

EMMA SMITH

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

## OFFICER'S RETURN *15329440917000006*

Received this Citation on the _____ day of _____, \_\_\_\_\_ at _____ o'clock \_\_\_M; and executed at
_____ within the county of _____, State of _____ at _____ o'clock \_\_\_M
on the _____ day of _____, \_\_\_\_\_ by delivering to the within named (Def.): _____
defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFF TEXAS GIRLS CHOIR, INC'S
ORIGINAL PETITION, having first endorsed on same the date of delivery.

       Authorized Person/Constable/Sheriff: _____
       County of _____ State of_____ By _____ Deputy
Fees $_____
State of _____ County of _____ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _____ before me this \_\_\_\_\_ day of _____, \_\_\_\_\_
to certify which witness my hand and seal of office
(Seal)
                             _____
                  County of _____, State of _____

*CITATION*

---

Cause No. 153-294409-17

TEXAS GIRLS CHOIR, INC.


VS.


THE CINCINNATI INSURANCE
COMPANY

ISSUED

This 5th day of September, 2017

Thomas A. Wilder
Tarrant County District Clerk
100 N CALHOUN
FORT WORTH TX 76196-0402

By          EMMA SMITH Deputy

---

SEAN M PATTERSON
Attorney for: TEXAS GIRLS CHOIR INC
Phone No. (713)334-6121
ADDRESS: 411 N SAM HOUSTON PKWY E STE 200

HOUSTON, TX 77060

*CIVIL LAW*



*15329440917000006*
SERVICE FEES NOT COLLECTED
BY TARRANT COUNTY DISTRICT CLERK
**SERVICE COPY**

*NATIONAL REGISTERED AGENT*

***SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM***

To: Lisa Love
The Cincinnati Life Insurance Company
6200 S Gilmore Rd
Fairfield, OH 45014-5141

SOP Transmittal # **531910547**

214-932-3601 - Telephone


SEP 1 4 2017
BY:_____

Entity Served: THE CINCINNATI INSURANCE COMPANY (Domestic State: OHIO)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc. or its Affiliate in the State of TEXAS on this 11 day of September, 2017. The following is a summary of the document(s) received:

1. **Title of Action:** TEXAS GIRLS CHOIR, INC., Pltf. vs. THE CINCINNATI INSURANCE COMPANY, Dft.

2. **Document(s) Served:** Other: Citation(s), Petition

3. **Court of Jurisdiction/Case Number:** 153rd Judicial District Court Tarrant County, TX
Case # 15329440917

4. **Amount Claimed, if any:** N/A

5. **Method of Service:**

___ Personally served by: ___ Process Server ___ Law Enforcement ___ Deputy Sheriff ___ U.S Marshall

_X_ Delivered Via: _X_ Certified Mail ___ Regular Mail ___ Facsimile

___ Other (Explain):

6. **Date of Receipt:** 09/11/2017

7. **Appearance/Answer Date:** At or Before 10:00 a.m. on the Monday next after the expiration of 20 days

8. **Received From:** SEAN M PATTERSON        9. **Carrier Airbill #** 1ZY041160190787899
McCLENNY MOSELEY & ASSOCIATES, PLLC
411 N. Sam Houston Parkway E., Suite 200
Houston, TX 77060        10. **Call Made to:** Not required
713-334-6121

11. **Special Comments:**
SOP Papers with Transmittal, via UPS Next Day Air

**NATIONAL REGISTERED AGENTS, INC.**        CopiesTo:

Transmitted by  Mara Velasco

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc. for informational purposes only and should not be considered a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

ORIGINAL



U.S. POSTAGE >> PITNEY BOWES

ZIP 76196  $ 012.87⁰
02 1W
0001390103 SEP 06 2017

rk

r

.7015 .0640 0002 .0984 .8130

The Cincinnati Insurance Company

B/S Reg Agent-National Registered Agents Inc
1999 Bryan St Ste 900
Dallas, TX 75201

153-294409-17 DP/ES/CM

Cause Number 153-294409-17

TEXAS GIRLS CHOIR, INC.          THE CINCINNATI INSURANCE
VS                      COMPANY

## OFFICER'S RETURN

Received this <u>Citation</u> on the 5th day of September, 2017 at 1:52 PM ; and executed at <u>B/S REG AGENT-NATION REGISTERED AGENTS INC 1999 BRYAN ST STE 900 DALLAS TX 75201</u>

within the county of _____ State of TX on the 11th day of September, 2017 by mailing to the within named <u>THE CINCINNATI INSURANCE COMPANY</u> a true copy of this <u>Citation</u> together with the accompanying copy of: <u>PLAINTIFF TEXAS GIRLS CHOIR INC'S ORIGINAL PETITION</u>

Authorized Person/Constable/Sheriff: Thomas A. Wilder

100 N CALHOUN
FORT WORTH TX 76196-0402

County of Tarrant, State of Texas

By  _____ Deputy

LISA LETBETTER

Fees $  0.00

(Must be verified if served outside the State of Texas)

State of _____ County of _____

Signed and sworn to by the said _____ before me this _____

to certify which witness my hand and seal of office

(Seal)

_____
County of Tarrant, State of Texas

*1532944091700000 6*
SERVICE FEES NOT COLLECTED
BY TARRANT COUNTY DISTRICT CLERK

THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY
FILED
2017 SEP 19 P 3:47

FILED
TARRANT COUNTY

2011 SEP 19  P 3: 47

THOMAS A. WILDER
DIST. 17T CLERK

THE STATE OF TEXAS
DISTRICT COURT, TARRANT COUNTY

**ORIGINAL**

*CITATION*                    *Cause No. 153-294409-17*

TEXAS GIRLS CHOIR, INC.
VS.
THE CINCINNATI INSURANCE COMPANY

## TO: THE CINCINNATI INSURANCE COMPANY

B/S REG AGENT-NATION REGISTERED AGENTS INC 1999 BRYAN ST STE 900 DALLAS, TX
75201-

You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFF TEXAS GIRLS CHOIR, INC'S
ORIGINAL PETITION at or before 10 o'clock A.M. of the Monday next after
the expiration of 20 days after the date of service hereof before the 153rd District Court
,100 N CALHOUN, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant county, Texas
said PLAINTIFF being

TEXAS GIRLS CHOIR INC

Filed in said Court on August 31st, 2017 Against
THE CINCINNATI INSURANCE COMPANY

For suit, said suit being numbered 153-294409-17 the nature of which demand is as shown on said
PLAINTIFF TEXAS GIRLS CHOIR, INC'S ORIGINAL PETITION  a copy of which accompanies this citation.

SEAN M PATTERSON
Attorney for TEXAS GIRLS CHOIR INC Phone No. (713)334-6121
Address    411 N SAM HOUSTON PKWY E STE 200 HOUSTON, TX 77060

_____Thomas A. Wilder_____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal
of said Court, at office in the City of Fort Worth, this the 5th day of September, 2017.

By _____

EMMA SMITH

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the
clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were
served this citation and petition, a default judgment may be taken against you.
Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

## OFFICER'S RETURN *15329440917000006*

Received this Citation on the _____ day of _____, _____ at _____ o'clock ___M; and executed at
_____ within the county of _____, State of _____ at _____ o'clock ___M
on the _____ day of _____, _____ by delivering to the within named (Def.): _____
defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFF TEXAS GIRLS CHOIR, INC'S
ORIGINAL PETITION, having first endorsed on same the date of delivery.

Authorized Person/Constable/Sheriff: _____
County of _____ State of_____ By _____ Deputy
Fees $_____
State of _____ County of _____ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _____ before me this _____ day of _____, ____
to certify which witness my hand and seal of office
(Seal)                                 _____
                                       County of _____, State of _____

7015 0640 0002 0984 8130



**CERTIFIED MAIL RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®

Certified Mail Fee  $3.35

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)  $
☐ Return Receipt (electronic)  $
☐ Certified Mail Restricted Delivery  $4.35
☐ Adult Signature Required  $
☐ Adult Signature Restricted Delivery  $

Postmark
Here

Postage  $.82

Total Postage and Fees  $12.87

Sent To  The Cincinnati Insurance Company
B/S Reg Agent-National Registered Agents Inc
Street and Apt.  1999 Bryan St Ste 900
City, State, ZIP  Dallas, TX 75201
153-294409-17 DP/ES/CM

7015 0640 0002 0984 8130

PS Form 3800

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

The Cincinnati Insurance Company

B/S Reg Agent-National Registered Agents Inc
1999 Bryan St Ste 900
Dallas, TX 75201

153-294409-17 DP/ES/CM

9590 9403 0953 5223 1083 97

2. Article Number (Transfer from service label)

7015 0640 0002 0984 8130

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent  ☐ Addressee

B. Received by (Printed Name)  Chris Wells
C. Date of Delivery  SEP 11 2017

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

---

FILED
TARRANT COUNTY
THOMAS A. WILDER
2017 SEP 19 P 3: 51

---

**CITATION**

Cause No. 153-294409-17

TEXAS GIRLS CHOIR, INC.

VS.

THE CINCINNATI INSURANCE COMPANY

**ISSUED**

This 5th day of September, 2017

Thomas A. Wilder
Tarrant County District Clerk
100 N CALHOUN
FORT WORTH TX 76196-0402

By          EMMA SMITH Deputy

SEAN M PATTERSON
Attorney for: TEXAS GIRLS CHOIR INC
Phone No. (713)334-6121
ADDRESS: 411 N SAM HOUSTON PKWY E STE 200

HOUSTON, TX 77060

*CIVIL LAW*

*15329440917000006*
SERVICE FEES NOT COLLECTED
BY TARRANT COUNTY DISTRICT CLERK
ORIGINAL

153-294409-17

FILED
TARRANT COUNTY
10/2/2017 8:20 AM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 153-294409-17

| | | |
|---|---|---|
| TEXAS GIRLS CHOIR, INC. | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | |
| | § | |
| | § | TARRANT COUNTY, TEXAS |
| THE     CINCINNATI     INSURANCE | § | |
| COMPANY | § | |
| | § | |
| *Defendant* | § | 153RD JUDICIAL DISTRICT |

## THE CINCINNATI INSURANCE COMPANY'S ORIGINAL VERIFIED ANSWER WITH AFFIRMATIVE DEFENSES

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant, The Cincinnati Insurance Company files this verified answer with affirmative defenses to Texas Girls' Choir, Inc.'s ("TGC" or "Plaintiff") petition. The Cincinnati Insurance Company has been improperly named, in that the policy was issued by Cincinnati Specialty Underwriters Insurance Company. The Cincinnati Insurance Company denies that it is the proper party, but answers as if Cincinnati Specialty Underwriters Insurance Company had been properly named, and would show the Court as follows:

## I.   VERIFIED DENIAL AS TO PROPER DEFENDANT

1.     It is specifically denied that The Cincinnati Insurance Company is the proper defendant in this action.   The policy of insurance referenced in the Petition was issued by Cincinnati Specialty Underwriters Insurance Company ("CSUIC" or "Defendant"). It is denied that any pleading is required on behalf of The Cincinnati Insurance Company but to the extent required, all pleadings made by CSUIC below are also made on behalf of The Cincinnati Insurance Company.

5609198 v1 (70149.00075.000)

## II.  GENERAL DENIAL

2.      Subject to such stipulations and admissions as may be made later, CSUIC asserts a general denial as authorized by Rule 92 of the Texas Rules of Civil Procedure, and CSUIC requests that TGC be required to prove the charges and allegations against CSUIC by a preponderance of the evidence as required by the Constitution and laws of the State of Texas.

## III. CONDITIONS PRECEDENT

3.      To the extent applicable, Defendant asserts the following as a defense:

**D.      Legal Action Against Us**

No one may bring a legal action against us under this Coverage Part unless:

1.  There has been full compliance with all of the terms of this Coverage Part; and ****

4.      CSUIC further affirmatively alleges that TGC's claims are barred in whole or in part, or alternatively, should be abated due to TGC's failure to provide adequate notice of its complaints prior to filing this lawsuit as required by the Texas Deceptive Trade Practices Act.

5.      TGC has filed suit seeking recovery under Chapter 541 of the Texas Insurance Code. Prior to seeking recovery under Chapter 541 of the Texas Insurance Code, Plaintiff is required to provide written notice to Defendants "not later than the 61st day before the date the action is filed." TEX. INS. CODE §541.154. Additionally, the Insurance Code requires that the written notice state plaintiff's specific complaint, along with the amount of his damages and expenses, if any, including attorney's fees reasonably incurred in asserting the claim. TGC failed to provide such notice, and CSUC reserves the right to request that this action this action be abated.

-2-

## IV. <u>POLICY DEFENSES AND AFFIRMATIVE DEFENSES</u>

6.      In order to invoke coverage, Texas law requires an insured to prove that a claimed loss resulted from a covered loss during the policy period.

7.      The CSUIC Policy does not pay for loss or damage caused by or resulting from: wear and tear, corrosion, deterioration, settling, cracking, shrinking or expansion.  Additionally, the CSUIC Policy does not pay for loss or damage caused by or resulting from faulty, inadequate or defective:   (a) workmanship;  (b) repair;  (c) construction;  (d) renovation;  remodeling; (f) materials used in repair, construction renovation or remodeling; and/or (g) maintenance.  To the extent any of the alleged damage was caused by or resulted from the foregoing (as opposed to hail), CSUIC owes no coverage for that damage.

8.      For further answer, if such be necessary, and pleading in the alternative, CSUIC further affirmatively alleges that Plaintiff's claims are subject to all of the terms, conditions, limitations, and exclusions contained in the subject Policy issued to Plaintiff.

9.      For further answer, if such be necessary, and pleading in the alternative, CSUIC further affirmatively alleges that the amount recoverable for Plaintiff's claims is limited by the applicable limits and any sub-limits in the Policy.

10.     For further answer, if such be necessary, and pleading in the alternative, CSUIC further affirmatively alleges that Plaintiff's claims are barred, in whole or in part, to the extent the damage was not caused by or resulting from a covered cause of loss.

11.     For further answer, if such be necessary, and pleading in the alternative, CSUIC further affirmatively alleges that Plaintiff's claims are barred, in whole or in part, to the extent the physical loss or damage claimed under the Policy was pre-existing and/or did not occur within the applicable Policy period.

5609198 v1 (70149.00075.000)

12.     For further answer, if such be necessary, and pleading in the alternative, CSUIC further affirmatively alleges that Plaintiff's claimed are barred, in whole or in part, by Plaintiff's failure to meet all conditions precedent to the recovery it now seeks under the Policy.

13.     For further answer, if such be necessary, and pleading in the alternative, CSUIC further affirmatively pleads that Plaintiff's claims have been fully adjusted and payment tendered in accordance with the terms of the Policy.

14.     For further answer, if such be necessary, and pleading in the alternative, CSUIC further affirmatively pleads that a bona fide controversy exists concerning the extent of Plaintiff's entitlement to benefits under the Policy. CSCUI and its employees, agents, representatives, and adjusters are entitled to value claims differently from CSCUI's policyholders without facing bad faith or extra-contractual liability. CSCUI would show that a bona fide controversy exists regarding the scope of any alleged covered loss and/or whether and the extent to which any asserted loss was the result of a covered occurrence or occurrences.

15.     For further answer, if such be necessary, and pleading in the alternative, CSUIC further affirmatively alleges the doctrine of concurrent causation, as set forth in Texas law, and requests that TCG bear the burden of proof under same and prove which damages were related and which were not related to what TGC contends are covered damages.

16.     CSUIC would show that it is established under Texas law that carriers such as CSUIC maintain the right to deny invalid or questionable claims and will not be subject to liability for the erroneous denial of a claim. Evidence that merely shows a bona fide dispute about the insurer's liability on the contract does not rise to the level of bad faith. Furthermore, bad faith is not simply established if the evidence shows the insurer was merely incorrect about the factual basis for its denial of the claim or about the proper construction of the policy. A

-4-

simple disagreement about whether the cause of the loss is one covered by the policy will not support a judgment for bad faith. As such, CSUIC would show that if there was an error with any aspect of the handling of the claim, which is denied, it is nothing more than a bona fide dispute and all based on reasonable conduct.

17.    For further answer, if such be necessary, and pleading in the alternative, CSUIC further affirmatively alleges that a "reasonable basis" existed for any denial of a portion of the claim.

18.    For further answer, if such be necessary, and pleading in the alternative, CSUIC further affirmatively alleges that prior to hiring an attorney, TGC failed to adequately inform CSUIC that it was not satisfied with the adjustment of the claim.

19.    For further answer, if such be necessary, and pleading in the alternative, CSUIC reserves its right to invoke the appraisal provision of the policy, if appropriate under the facts.

20.    For further answer, if such be necessary, and pleading in the alternative, CSUIC reserves its right to demand a Proof of Loss in accordance with the provision of the policy.

21.    TGC's negligence cause of action is barred in whole or in part by the economic loss doctrine.

22.    For further answer, if such be necessary, and pleading in the alternative, CSUIC has no duty to pay the claim until a proof of loss is received.

23.    further affirmatively alleges that the Policy does not provide coverage for increased cost attributable to the enforcement of any ordinance or law regulating the construction, use, or repair of any building, subject to certain exceptions within the Policy.

5609198 v1 (70149.00075.000)

24.     For further answer, if such be necessary, and pleading in the alternative, CSUIC further affirmatively alleges that TGC's claims are barred, in whole or in part, to the extent that Plaintiff failed to mitigate the effect of the alleged damages as required by law.

25.     For further answer, if such be necessary, and pleading in the alternative, CSUIC further affirmatively alleges that this case is governed by the 1995 Tort Reform Amendments and 2003's HB4. As a consequence:

    b.     TGC may not be awarded exemplary damages unless it establishes by clear and convincing evidence that CSUIC acted with malice, which CSUIC denies. TEX. CIV. PRAC. & REM. CODE § 41.003. CSUIC further requests that the jury be instructed as required by Tex. Civ. Prac. & Rem. Code § 41.012 with respect to any claim for exemplary damages, assuming such a claim should be submitted to the jury, which CSUIC denies.

    c.     In the unlikely event of any exemplary damage award, CSUIC further invokes the provisions of Texas Civil Practice and Remedies Code § 41.008 limiting any award of exemplary damages to either $200,000.00 or two times the amount of "economic damages," as defined by statute, plus an amount equal to any non-economic damages found by the jury, but not to exceed $750,000.00.

26.     For further answer, if such be necessary, and pleading in the alternative, CSUIC further affirmatively states that an award of punitive damages in this case would violate the procedural due process guaranteed by the Constitution of the United States. Texas Law and the instructions given to the jury are vague and standardless as to whether and how much to punish a defendant and are likely to produce arbitrary and capricious results.  Therefore, any award of punitive damages should be disallowed or declared null and void.

27.     For further answer, if such be necessary, and pleading in the alternative, CSUIC further affirmatively alleges that in the event any issue respecting punitive damages is submitted to the jury, CSUIC is entitled to have and does hereby request that the jury be instructed that, under the principles of state sovereignty and comity as declared by the United States Supreme

Court, neither a state court nor a state court jury may impose economic sanctions for alleged violations of state laws with the intent of changing CSUIC's conduct in other states. Any such award, or even consideration by the jury, would further violate the Commerce Clause.

28. For further answer, if such be necessary, and pleading in the alternative, CSUIC further affirmatively alleges that TGC is not entitled to exemplary or punitive damages as alleged, for the reason that exemplary damages are unconstitutional and violative of the provisions of the United States Constitution and the Texas Constitution, including but not limited to the following provisions:

(a) Proscription on excessive fines. U. S. Constitution Amendment 8; Texas Constitution Article I, Section 13.

(b) Requirements of Due Process. U. S. Constitution Amendments 5 and 14; Texas Constitution Article I, Sections 13 and 19.

(c) Requirement of Equal Protection Under the Law. U. S. Constitution Amendments 5 and 14; Texas Constitution Article I, Sections 3 and 3a.

(d) Proscription on Ex Post Facto and Retroactive Law. U. S. Constitution Article I, Section 10; Texas Constitution Article I, Section 16.

(e) Such punitive damages are penal in nature. Under Texas law, they are not tied to any fair, just, and reasonable relation to actual damages. Consequently, exemplary damages violate the contract clause of the U. S. Constitution. U. S. Constitution Article I, Section 10.

29. For further answer, if such be necessary, and pleading in the alternative, CSUIC further affirmatively alleges that the exemplary damages, if any, assessed in this case be limited in accordance with the guidelines set forth in *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996), and *State Farm v. Campbell*, 123 S.Ct. 1513 (2003), the due process, and excessive fines clauses of the United States and Texas Constitutions.

5609198 v1 (70149.00075.000)

30.     For further answer, if such be necessary, and pleading in the alternative, CSUIC requests that TGC be required to prove allegations of gross negligence against CSUIC by clear and convincing evidence as required by Texas Civil Practice and Remedies Code § 41.003 and further that TGC be required to obtain a unanimous jury verdict on any gross negligence issue submitted against CSUIC to the jury.

31.     For further answer, if such be necessary, and pleading in the alternative, CSUIC further affirmatively pleads the provisions of Texas Civil Practice and Remedies Code § 41.004 precluding an award of exemplary damages to a plaintiff who elects to have his recovery multiplied under another statute.

32.     For further answer, if such be necessary, and pleading in the alternative, CSUIC further reserves the right to assert additional affirmative defenses as this litigation proceeds.

## V.  **REQUEST FOR DISCLOSURE**

CSUIC requests that TGC disclose, within 30 days of the service of this request, the information or material described in Rule 194.2 of the Texas Rules of Civil Procedure.

WHEREFORE   PREMISES   CONSIDERED,   Defendant   Cincinnati   Specialty Underwriters Insurance Co. improperly designated as The Cincinnati Insurance Company. respectfully requests that Plaintiff take nothing; that Defendant be allowed to recover its attorney fees and costs and that the Court award Cincinnati Specialty Underwriters Insurance Co. such other and further relief as the Court may deem just and proper

5609198 v1 (70149.00075.000)

Respectfully submitted,

**KANE RUSSELL COLEMAN & LOGAN, PC**

By:     */s/ Donald A. Waltz*
         Donald A. Waltz
         State Bar No. 24048061
         3700 Thanksgiving Tower
         1601 Elm Street
         Dallas, Texas  75201
         Phone: 214.777.4200
         Fax:  24.777.4299
         lbowman@krcl.com
         dwaltz@krcl.com

**ATTORNEYS FOR DEFENDANT THE
CINCINNATI INSURANCE COMPANY**

5609198 v1 (70149.00075.000)

## CERTIFICATE OF SERVICE

I hereby certify that on 2nd day of October, 2017, a true and correct copy of the foregoing was served upon counsel of record via the Court's electronic filing system and by electronic transmission:

Sean Patterson
James M. McClenny
J. Zachary Mosely
McClenny Moseley & Associates, PLLC
411 N. Sam Houston Parkway E., Suite 200
Houston, Texas  77060
Phone Number:  713.334.6121
Facsimile:  713.322.5953
James@mma-pllc.com
Zach@mma-pllc.com
Sean@mma-pllc.com

**Attorneys for Plaintiff**

s/ Donald A. Waltz
Donald A. Waltz

-10-

## VERIFICATION

STATE OF _Ohio_

COUNTY OF _Butler_

BEFORE ME, the undersigned authority, on this day personally appeared PETER McCARTHY, who being by me first duly sworn did on his oath depose and say that upon information and belief the factual statements contained within are based upon his personal knowledge, true and correct.

_____
PETER McCARTHY

SUBSCRIBED AND SWORN TO BEFORE ME this _27th_ day of _September_, 2017.

_____
NOTARY PUBLIC

**Bethany Zink**
Notary Public, State of Ohio
My Commission Expires July 27, 2020